THIS was an action of trespass, brought in the circuit court by Prince, to recover against Fly nn, &c. for a trespass committed in taking and carrying away from the possession of Prince, a ferry boat constructed to navigate the Ohio river with horse power. The declaration charges the trespass to have been committed by George Flynn, William F’iynn, William Flint and Nathaniel Holmes, and was died with the cleric before the writ issued. The writ issued against all those alleged in the declaration to he guilty of the trespass, and was made returnable to the March term 5 821, of the Livingston circuit court. The sheriff returned the writ executed on George Flynn, the 20th day ef October 1820, and made no return as to the other defendants named therein. At the March term, Prince appeared by his attorney, and on his motion it was ordered by the court, that the suit be dismissed as to all the defendants hut George Flynn ; and George Flynn having failed to appear, a writ of inquiry was awarded against him, to ascertain the damages which Prince had sustained by the trespass alleged in his de. *241 claration; and damages to the amount of three thousand dollars, were assessed by the jury on the execu tion of the writ of inquiry, and judgment thereon run. dered in favor of Prince. At a subsequent day of the term, Flynri appeared and moved the court to set aside the judgment and assessment of damages by the jury, and the motion was sustained by the Gourt. After this, Flynn pleaded the general issue; and at a subsequent term of the court, a trial was had of that issue, and a verdict found for Flynn. Prince then moved the court for a new trial; but his motion was overruled, and judgment rendered'on ,the verdict in favor' of Flynn. From that judgment Prince has appealed to this court.
inaj0mtae. tion of tresPass against fends>ms.*the plaintiff may dismiss his a“^gSa*¿ p°™Ceed against the others,
®ut returned executed on those as tó whom he dis misses it, he cannot proceed to trial at the appearance term against the others, although on them the writ may have been executed ten days before the commencement of the term.
*241 The assignment of errors questions, as well the propriety of the court’s granting a new trial at the instance of Flynn, as its instructions to the jury on the last trial, and in refusing a new trial upon the application of Prince. ‘
2. Preliminary to noticing the questions made by the assignment of errors, it is proper to remark, that \ve do not admit, as was contended in argument by the counsel of Flynn, that the order dismissing the suit as to all the defendants but Flynn, presents a bar to fur., ther proceedings against him. Authorities may be fouud in the ancient reports, where such an order has been considered in the nature of a retraxit. operating as a release or discharge of the action, and an absolute bar to any future action for the same cause ; but in more modern times, the true nature and extent of such an order has been more accurately defined and understood; and the doctrine is now well settled, that such an order is not of the nature of a retraxit or release, and that notwithstanding a dismission of the suit against part of the defendants before judgment, the plaintiff may proceed with his cause against the. others. —See 1 Vol. Saund. 207, N. 2; l Marsh. Rep. 432.
With these remarks, we will proceed to notice the questions made by the assignment of errors, in the order they occur in the record. The first is, as to the propriety of the decision of the circuit court, in awarding a new trial on the application of Flynn.
3. And here it might be sufficient to remark, that there was not such a service of the writ as authorised a trial at the return term, in the absence of Flynn, *242 and without liis assent. The act of assembly under which the proceedings were had, requires of the sheriff to note the time of executing a writ, and permits a trial at the first term, where the writ has been served ten days before the return court. In this case, the writ appears to have been executed on Flynn more than ten days before court; but, it was'not served upon all of the defendants named in the writ, and, We apprehend, that the service mentioned in the law was intended by the legislature to be complete against all of the defendants against whom process had issued, and who should not be returned, no inhabitants, by the sheriff, to authorise a judgment at the first term, without the consent of the parties. It is true, the suit; as to the other defendants, was dismissed before judgment was rendered against Flynn } but if we are correct in supposing that the service of the writ was insufficient to authorise a trial at the first term, before the dismission of the' suit as to the other defendants, the circumstance of Prince having procured that dis-mission, ought not, and cannot have authorised a trial at the first term. But, in addition to what has been said, it is proper to observe, that in his affidavit Flynn lias shown that he had a substantial defence to make to the action; and although lie had not taken such steps as would have enabled him to have been prepared for trial, if he had been at court when the cause was tried, he lias shown, in his affidavit, such an apology for not being prepared for trial, as should have induced the court to continue the cause, if an application for a continuance had been made; and he has shown that his attendance at the trial was prevented, from a necessity not within' his control, and which could not have been overcome otherwise than at the imminent hazard of his life. It cannot, therefore, have been incorrect in the court below to award a new tidal.
It remains to notice the questions growing out of the last trial in that court; and here it may be remarked, that those questions turn mainly on the legal effect of the evidence introduced on that trial to charge Flynn for the'trespass alleged in the declaration to have been committed. It was. in substance, proved, that Prince was the owner, and had the possession of a boat constructed to transport passengers, &c. across the Ohio river, at his ferry, with horse power; that whilst lie *243 was so possessed of the boat, the design was conceived by a company of men to deprive him of the use of the boat, and to effect that design the company assembled on the Illinois side of the river, and proceeded towards the ferry of Prince ; but before they arrived at the op. posite shore of the river from Prince’s ferry, two of the company advanced and summoned the ferrymen of Prince to bring the boat, for the purpose of conveying them across the river. The ferrymen accordingly conveyed the boat to the Illinois shore, where those men were, and immediately on landing, the whole company advanced to the boat, drove off the ferrymen and took the boat into their possession. This transaction took place about sunrise in the morning of the 27th of September, and in the absence of Flynn. After obtaining the possession of the boat, the company immediately proceeded to convey it up the river, and within an hour and a half or two hours arrived at Flynn’s ferry, at the distance of about two miles from that of Prince. Flynn then went on board the boat, and with a knowledge of the circumstances attending the taking the boat, actually assisted the company, by piloting the boat, to convey it up the river about three miles above his ferry; and whilst Flynn and the company were ascending the river from his ferry, two of Prince’s ferrymen, pursuing the company to re.take the boat, are proved to have fired a gun on the company, and the fire was returned by Flynn.
What after acts of a person who was not present at the tortious caption of personal property and does no appear to have had any participation in deed or design in the original ta« king, Will make him a principal in the trespass,
*243 The facts thus proved were thought by the court below not to be sufficient to authorise a recovery of Flynn, and instructions to that import were substantially given to the jury.
4. This court cannot, however, accord in opinion with that court, l he evidence may not be sufficient to justify the inference, that Flynn had any agency in the first taking of the boat from the ferrymen of Prince; but, we apprehend, evidence of that character was not necessary to be introduced, to establish Prince’s right to recover against him ; for having entered on the boat whilst those who had been guilty of taking it were in the act of conveying the boat to a place where it would be secure from recaption, and having, with a knowledge of the manner the boat had been taken and the object of the company in ascending the river, not only assisted in conveying the boat the dis. *244 tance of three miles, but also, when pursued and at. tacked by the ferrymen of Prince, having participated jf) repe[¡jng that attack, Flynn must be considered as having come in aid of those by whom the boat was originally taken, and thereby so identified himself iti ^eir tortious acts as to become principal in the trespass, and liable to all the consequences to which he would have been liable if he had been present when the boat was first taken.
The judgment must, therefore, be reversed. with costs, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.